IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELWOOD SMALL,<br>    Petitioner, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 21-604 |
| | : | |
| JAMIE SORBIA, *et al.*,<br>    Respondents. | : | |

**<u>MEMORANDUM OPINION</u>**

**Schmehl, J.**   /s/ JLS                                                                                          February 12, 2024

    Petitioner, Elwood Small, was convicted of second degree murder in state court and sentenced to life imprisonment in 1983. On July 7, 2022, this Court dismissed Small's habeas petition for lack of jurisdiction. Small now moves under F.R.C.P. 60 to reopen that judgment.

    This case has as complex procedural history that I will attempt to condense down to its relevant parts. The court imposed a life sentence for Petitioner's second-degree murder conviction. He appealed to the Pennsylvania Superior Court, which affirmed the judgment of sentence on March 22, 1985, and on November 26, 1985, Small's *allocatur* petition was denied by the Pennsylvania Supreme Court. Petitioner did not seek certiorari to the U.S. Supreme Court.

    Small filed a *pro se* federal habeas petition that was denied without prejudice on exhaustion grounds on March 9, 1989, by the Honorable Jay C. Waldman. On January 9, 1990, Petitioner's co-defendant, Bell, sought relief pursuant to Pennsylvania's Post Conviction Relief Act and during that proceeding, Bell testified that he agreed with Small to rob the victim, but Petitioner "flipped out and started stabbing [the victims]." Additionally, Bell testified that a fellow inmate informed him that Small had a motive to kill McCrary, one of the victims, because McCrary supposedly had an affair with Small's ex-wife. Bell's PCRA petition was denied, and

on appeal, the Superior Court affirmed the denial. *Commonwealth v. Bell*, 706 A.2d 855, 857 (Pa. Super. Ct. 1998).

On February 5, 1990, Small filed a *pro se* PCRA petition, which was denied by the trial court on June 10, 1992. On September 16, 1993, the Superior Court affirmed the denial of PCRA relief, and the Pennsylvania Supreme Court denied *allocatur* on March 7, 1994. On December 31, 1996, Petitioner filed a second PCRA petition, which was dismissed on June 18, 1997. On August 11, 1998, the Superior Court affirmed the denial of Small's untimely PCRA petition, and the Pennsylvania Supreme Court denied *allocatur* on March 25, 1999.

On May 31, 1999, Petitioner filed another federal habeas petition, and on February 15, 2000, Judge Waldman approved the recommendation of the Honorable Carol Sandra Moore Wells and denied the habeas petition as untimely. *Small v. Wernerowicz, et. al.*, No. 99-3063. Judge Waldman refused to issue a certificate of appealability, as did the Third Circuit on June 28, 2001. Small's third PCRA petition, filed on November 16, 2007, was denied on April 29, 2011; the Superior Court affirmed on August 3, 2012. On January 10, 2013, the Pennsylvania Supreme Court denied *allocatur*; Petitioner did not seek certiorari in the U.S. Supreme Court. Instead, Small filed a fourth PCRA petition on July 22, 2014. Small's October 30, 2017, amended petition sought a new trial based upon Bell's 1993 PCRA testimony. The PCRA judge ordered a new trial on December 14, 2017, but upon the Commonwealth's appeal, the Superior Court reversed the grant of a new trial because Small's fourth PCRA petition was untimely. Small appealed the Superior Court's determination and the Pennsylvania Supreme Court affirmed the dismissal for untimeliness. *Commonwealth v. Small*, 238 A.3d 1267, 1286-87 (Pa. 2020).

On January 15, 2021, Small petitioned the Third Circuit for leave to file a second or successive habeas petition based upon four claims: (1) newly discovered evidence, (2) a Brady violation; (3) an erroneous jury instruction; and (4) ineffective assistance of counsel. On January 28, 2021, the court granted the application, stating in its order: "We stress that our decision to grant the application is tentative, and that the District Court must dismiss the habeas corpus petition for lack of jurisdiction if it finds that the requirements for filing such a petition have not in fact been met." *Small v. Sorbia*, No. 21-1097, Order (3d Cir. Jan. 28, 2021). Accordingly, on February 5, 2021, Small filed a second or successive habeas petition wherein he alleged: (1) Bell's 1993 PCRA testimony is newly discovered evidence that would exculpate him of his second-degree murder conviction; (2) a Brady violation based upon Bell's 1993 PCRA testimony; (3) the trial court's erroneous jury instruction violated due process; and (4) ineffective assistance of counsel during his first PCRA proceeding in 1990 violated his Sixth Amendment right to effective counsel. This Court found that Petitioner's claims failed to satisfy the requirements for a second or successive habeas petition and therefore, his habeas petition was dismissed on July 7, 2022. Small appealed, and the Third Circuit issued an order likewise denying a COA on October 26, 2022. At Small's request it granted reconsideration, but again denied a COA on March 8, 2023. Small then filed the instant Rule 60 application to reopen this Court's judgment, which he calls a "Motion to Reopen and Amend the Independent Action to Obtain Relief from Judgement or Order Pursuant to Rule 60(b) and 60(d)."

Federal Rule of Civil Procedure 60(b) allows a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

      (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

      (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

      (4) the judgment is void;

      (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

      (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Importantly, the movant in a Rule 60(b) motion carries a heavy burden, as Rule 60(b) motions are viewed as 'extraordinary relief which should be granted only where extraordinary justifying circumstances are present." *Kiburz v. Sec'y, U.S. Dep't of the Navy*, 446 F. App'x 434, 436 (3d Cir. 2011) (quoting *Bohus v. Beloff*, 950 F.2d 919, 929 (3d Cir. 1991)).

      Under certain circumstances, a Rule 60(b) motion may amount to a successive § 2255 motion. The Third Circuit has provided the following guidelines for addressing Rule 60(b) motions that are potentially successive habeas petitions:

> [I]n those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the defendant's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). A Rule 60(b) motion amounts to a successive habeas petition if it "attacks the federal court's previous resolution of a claim on the merits" rather than attacking "some defect in the integrity of the federal habeas proceedings." *United States. v. Andrews*, 463 F. App'x 169, 171 (3d Cir. 2012) (emphasis in original) (citing

4

*Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). Given that Small has already filed a § 2255 Motion, this Court only has jurisdiction to consider his Rule 60(b) Motion if it is "a true Rule 60(b) motion and not an attempt to circumvent the requirements for filing a new § 2255 motion." *United States v. Donahue*, 733 F. App'x 600, 602 (3d Cir. May 10, 2018) (citing *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002)).

An independent action brought under Rule 60(d) is generally treated the same as a motion under Rule 60(b). See *Sharpe v. United States*, 2010 WL 2572636, at *2 (E.D. Pa., June 22, 2010); *Nevada VTN v. General Insurance Co. of America*, 834 F.2d 770, 775 (9th Cir.1987). For purposes of applying the "second or successive petition" rule, there is no difference between Rule 60(b) and 60(d). Accordingly, although Small labels his motion as being pursuant to Rule 60(b) and 60(d), I will analyze it under Rule 60(b), as they are treated the same.

In the instant matter, despite being labeled a Rule 60 motion, Small clearly raises claims challenging his state conviction. For example, he argues that he was entitled to relief on the basis of his claim that Bell's 1993 PCRA testimony was exculpatory (ECF No. 31, pp. 7, 10). He emphasizes that a state court granted him a new trial "on the same facts" (*id.*, p. 7), although he fails to mention that the new trial award was reversed because state appellate courts found that the supposed new facts were not new and were not exculpatory.

Further, Small now adds a new claim challenging his state conviction on the ground that his trial counsel was ineffective for failing to object to a jury instruction (*id.*, pp. 15-20). See *Diventura v. Wynder*, 325 F. App'x 71, 75 (3d Cir. 2009) ("Under *Gonzalez*, a motion seeking to add a ground for relief should be treated as a successive habeas petition). Since Small's motion raises at least one "asserted federal basis for relief from a state court's judgment of conviction" it is "in substance a successive habeas petition[.]" *Gonzalez v. Crosby*, 545 U.S. at 530-531; see

*United States v. Donahue*, 733 F. App'x 600, 603 (3d Cir. 2018) (Donahue's allusion to fraud under Rule 60 was "belied by his motion, which raises Brady and due process claims for relief") (footnote omitted). Under 28 U.S.C. § 2244(b)(3)(A), before filing a successive habeas petition "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Because Small did not do that, there is no jurisdiction for his application. *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (District Court "without jurisdiction to entertain" successive petition filed without authorization). Accordingly, Small's motion pursuant to Rule 60 must be dismissed.